The People of the State of New York, Respondent, v. Jack James, Appellant.— Judgment of the County Court, Queens County, convicting appellant of the crimes of kidnapping, assault in the first degree and violation of section 1897 of the Penal Law, and sentencing him to imprisonment therefor, unanimously affirmed. No opinion. Present — Nolan, P. J., Carswell, Adel, MacCrate and Schmidt, JJ.

■

The People of the State of New York, Respondent, v. Vito Romano, Appellant.— Defendant appeals from a judgment convicting him of perjury in the first degree and sentencing him to imprisonment therefor, and from orders which denied motions in arrest of judgment and for a new trial and for the inspection of the minutes of the Grand Jury, and from an order directing the trial before a special panel jury. Judgment and orders of the County Court, Kings County, unanimously affirmed. No opinion. Present — Nolan, P. J., Carswell, Adel, MacCrate and Schmidt, JJ.

■

Theresa S. Rosen, Appellant, v. Jack Rosen et al., Respondents.— In an action to rescind an agreement by partners to transfer the assets of the partnership to corporations, plaintiff appeals from an order, on reargument, insofar as it denied an examination of the defendants as to certain matters and denied the production of books and records before trial. Order modified on the law by striking out the first and last ordering paragraphs and by adding thereto: "Ordered that the motion for an examination before trial be and hereby is granted insofar as it seeks to examine the defendant Jack Rosen as to: Defendant Jack Rosen's representations to plaintiff with regard to the effect her partnership relationship had upon the business conducted by them, and the need to incorporate the business, as alleged in paragraph 11 of the complaint; defendant Jack Rosen's representations to plaintiff to induce her to consent to have the business incorporated and to have the realty transferred to a corporation, as alleged in paragraph 15 of the complaint; defendant Jack Rosen's representations as to the purpose and need of more than one corporation and the division of the stock thereof, as alleged in paragraph 17 of the complaint, otherwise, motion denied." As so modified, order affirmed, with $10 costs and disbursements to the appellant; the examination to proceed on ten days' notice. There are allegations of misrepresentation in paragraph 11 of the complaint which are in addition to those alleged in paragraphs 15 and 17 thereof. Appellant is entitled to examine as to all of the alleged representations. Discretion, however, was not abused by the denial of the examination as to any of the other items in the notice of motion before appellant has established the falsity of the representations and the right to rescind the agreement. Johnston, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.